UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    - against -

KANG CHOOI KEE,

              Defendant.

------------------------------------X

04 Cr. 271 (RWS)

SENTENCING OPINION

Sweet, D.J.,

      Defendant Kang Chooi Kee ("Kee") has pled guilty to the charge that she conspired to distribute Methylenedioxymethamphetamine ("ecstasy"), a violation of 21 U.S.C. § 846. Kee will be sentenced to 12 months of imprisonment and 3 years of supervised release, subject to the further conditions set forth herein.

## Prior Proceedings

      On March 23, 2004, a warrant was signed for Kee's arrest on charges of conspiracy to distribute narcotics. On March 31, 2004, Kee was arrested. On April 7, 2004, a superseding indictment was filed charging Kee with conspiracy to distribute ecstasy. On July 8, 2004, a second superseding indictment was filed, charging Kee with conspiracy to distribute ecstasy. On January 6, 2005, Kee allocuted before Magistrate Judge Douglas F. Eaton of this district to the seventh count of the second superseding indictment. That is, Kee allocuted to the charge that she knowingly and intentional-

ly agreed with at least one other person to knowingly and intentionally distribute and possess with intent to distribute mixtures and substances containing detectable amounts of ecstasy and that she engaged in overt acts in furtherance of this agreement. By order dated May 11, 2005, Kee's plea was accepted by this Court. On April 29, 2005, Kee's attorney informed the Court, <u>inter alia</u>, that the government had consented to a term of imprisonment for Kee of 18 to 24 months. <u>See</u> Letter from Jacobs of April 29, 2005. In this letter, Kee's attorney also requested that Kee be sentenced to time served. <u>See</u> <u>id.</u>

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") establishing by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

2

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

Kee was born in Malaysia on January 2, 1969. She is one of eight children, and her family continues to reside in Malaysia. Kee attended school from the time that she was eight years old

3

until the time that she was ten. Kee was married at the age of eighteen to a spouse selected by her parents. This relationship produced two sons. Kee subsequently left her husband, and he secured custody of their children. In Malaysia, Kee worked as a seamstress.

Kee came to the United States in September 1996. Since arriving, she has worked at a hair salon, a restaurant, a dry cleaning store, a bakery, and a garment factory. In these jobs, she earned approximately $300 per week. Prior to her incarceration, Kee resided in Queens, New York and then in Manhattan, New York. At the time of her arrest, Kee was in the United States illegally.

Kee has no reported physical or mental health issues. However, she does have substance abuse issues, having apparently used ecstasy two or three times per week during the period prior to her arrest. She reports no other drug use or any problems with excessive alcohol consumption.

Kee has stated that she no significant assets or liabilities. However, since Kee has no social security number, it is not possible to conduct a credit check to verify these representations.

**The Offense Conduct**

Between February 20 and March 6 of 2004, Kee made approximately four purchases of ecstasy (totaling approximately 400 pills) from Daniel Ng.

**Relevant Statutory Provisions**

The maximum term of imprisonment for Kee's offense is 20 years. See 21 U.S.C. § 841(b)(1)(C).

A term of at least 3 years of supervised release is required if a sentence of imprisonment is imposed. See 21 U.S.C. §§ 846, 841(b)(1)(C).

Kee is eligible for not less than 1 nor more than 5 years of probation. See 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. See 18 U.S.C. § 3563(a)(2).

The maximum fine for Kee's offense is $1 million. See 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory. See 18 U.S.C. § 3013.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, for offenses committed after September 13, 1994, the court shall require that all offenders on probation, parole, or supervised release submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

Pursuant to the agreement of the parties, if the Court in this case finds that the relevant statutory criteria has been met, it may impose a sentence in accordance with the applicable sentencing analysis, without regard to any statutory minimum sentence. See 18 U.S.C. § 3553(f).

**The Guidelines**

The November 1, 2004 edition of the United States Sentencing Commission Guidelines Manual ("the Guidelines") has been used in this case for calculation purposes. See § 1B1.11.

**Offense Level**

As described above, Kee's criminal conduct consisted of participation in a conspiracy involving some 400 ecstasy pills.

For calculation purposes, it is assumed that each of these pills contained 250 milligrams of MDMA, ecstasy's active ingredient. See § 2D1.1, Application Note 11. Thus, Kee's offense involved approximately 100 grams of MDMA. For calculation purposes, each gram of MDMA is equivalent to 500 grams of marijuana. See § 2D1.1, Application Note 10. Therefore, Kee's offense involved the equivalent of 50 kilograms of marijuana. Accordingly, the base offense level is 20 pursuant to the Guidelines drug quantity table. See § 2D1.1(c)(10).

Based on the Kee's plea allocution, she has shown recognition of responsibility for her crime. Because of her timely notification of her intention to plead guilty, thus allowing the government to allocate its resources more efficiently, and because the aforementioned base offense level is 16 or greater, the offense is reduced 3 levels. See § 3E1.1(a),(b).

The resulting adjusted offense level is 17.

**Criminal History**

Kee has no known criminal convictions. Therefore, she has zero criminal history points and a criminal history category of I.

## Sentence Recommended Under the Guidelines

According to the Guidelines Sentencing Table, based on a total offense level of 17 and a criminal history category of I, the recommended range of imprisonment is 24 to 30 months. See Ch. 5, Pt. A.

The guideline range for the term of supervised release is three years, the minimum required by statute. See § 5D1.2(b).

Because the applicable guideline range is in Zone D of the Sentencing Table, the defendant is not recommended for probation. See § 5B1.1, Application Note 2.

The recommended fine range for the instant offense is $5,000 to $1 million. See §§ 5E1.2(c)(3)(A), 5E1.2(c)(4). The Guidelines advise that subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the government of any imprisonment, probation, or supervised release. See § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,931.97 to be used for imprisonment, a monthly cost of $292.21 for supervision, and a monthly cost of $1,590.66 for community confinement.

Kee meets the criteria set forth in Guidelines § 5C1.2(a)(1)-(5).

**The Remaining 18 U.S.C. § 3553(a) Factors**

Having engaged in the Guidelines analysis, the Court has also given due consideration to the remaining factors identified in 18 U.S.C. § 3553(a). In particular, the Court takes note of the fact that Kee had apparently not engaged in criminal activity prior to this offense and that she has received virtually no formal education.

**The Sentence**

Based on the agreement of the parties, it is determined that a non-Guidelines term of incarceration is warranted. Therefore, a 12-month term of incarceration is hereby imposed. Kee has been detained without bail since her arrest. Therefore, she is not a candidate for voluntary surrender. See 18 U.S.C. § 3143-(a)(2).

A 3-year term of supervised release shall be imposed. Within 72 hours of her release from custody, Kee shall report to the nearest United States Probation Office. It is recommended that she be supervised by the district of her residence.

As mandatory conditions of her supervised release, Kee shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) submit herself to the below-described special condition requiring drug treatment and testing. Furthermore, the standard conditions of supervision (1-13) shall be imposed with the following special conditions:

1. Kee shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether she has reverted to using drugs. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Kee will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

2. Kee shall obey the immigration laws and comply with the directives of immigration authorities.

Based on the Court's analysis of Kee's financial resources, no fine shall be imposed in this case. However, Kee shall pay to the United States a mandatory special assessment of $100, which shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for May 16, 2005.

It is so ordered.

New York, NY
May 13, 2005

_____
ROBERT W. SWEET
U.S.D.J.